# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| STEADFAST INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 6:16-CV-3214-SRB |
| vs. | ) | |
| | ) | |
| ARC STEEL, LLC and | ) | |
| SCHINDLER ELEVATOR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION OF KILLIAN CONSTRUCTION COMPANY

Please take notice that Defendant Schindler Elevator Corporation ("Schindler") will take the deposition on oral examination of Killian Construction Company. The deposition will be conducted at the offices of Spencer Fane LLP, 2144 E. Republic Road, Springfield, Missouri 65804 commencing at 9:00 a.m. on October 15, 2018, and continuing from day to day until completed or as counsel shall stipulate. The deposition will be recorded by audiovisual and/or stenographic means. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the matters for examination will include the topics listed in *Exhibit A*.

Respectfully submitted,

**FOLAND, WICKENS, ROPER,
HOFER & CRAWFORD, P.C.**

*/s/ Paul L. Wickens*
Paul L. Wickens        MO #23549
James P. Maloney       MO #58971
Michael L. Belancio    MO #50115
1200 Main Street, Suite 2200
Kansas City, Missouri 64105
(816) 472-7474; Fax: (816) 472-6262
pwickens@fwpclaw.com
jmaloney@fwpclaw.com
mbelancio@fwpclaw.com
***Attorneys for Defendant Schindler Elevator Corp.***

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2018, the foregoing was filed via the Court's ECF filing system, which serves notice via e-mail to all counsel of record, and a copy was served via e-mail upon:

Nikki Hutson
Spencer Fane, LLP
2144 E. Republic Road, Ste. B300
Springfield, MO 65804
nhutson@spencerfane.com

>*/s/ Paul L. Wickens*
>***An Attorney for Defendant***

# EXHIBIT A

All words and phrases used in the topics of examination shall have their ordinary and commonly understood meaning, except the words and phrases specifically defined as follows:

a. **"SEC"** or **"Schindler"** refers to Schindler Elevator Corporation.

b. **"Killian"** refers to Killian Construction Company.

c. **"Steadfast"** refers to Steadfast Insurance Company.

d. **"Westminster Project"** refers to the Westminster, Colorado Marriott Hotel construction project referenced in the Complaint in this Action.

e. **"SEC Contracted Work"** refers to the work that SEC was to perform on the Westminster Project pursuant to SEC's contract with Killian dated May 13, 2013.

f. **"White Etkin"** refers to White Etkin Church Ranch Hotel Company, LLC.

g. **"Killian's claim", "Killian claims",** and **"Killian claimed"** refer to the claim Killian has submitted to Steadfast pursuant to its Subguard Policy with Steadfast for indemnification of loss attributed to SEC's alleged delayed performance on the Westminster Project or any other damage claimed by Killian/Steadfast.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Killian Construction Company is required to produce one or more individuals with knowledge who consent to bind Killian Construction Company on the following subjects:

1. Identity of the elevator contractor(s) with whom Killian initially contracted before contacting Schindler and a copy of any correspondence, proposals, contracts and elevator specifications or plans/drawings submitted by said elevator contractor.

2. All documents, specifications, proposals, which make up the complete elevator contract between Killian and SEC.

3. Person with knowledge as to the schedules and time permitted in the contract documents to provide:

    a. design drawings/engineering specifications;

    b. to design, manufacture, deliver elevator components;

    c. to install each of the three elevators;

    d. work to be performed to confirm proper preparation of the elevator hoistway and building before elevator installation.

3

4. Person with knowledge regarding all conditions precedent required by elevator contract of Killian Construction Company and its subcontractors prior to elevator installation, including all "work by others" to be completed before Schindler installation began.

5. Person with knowledge of the status of each aspect of work to be completed by others on elevator hoistway preparation.

6. Person with knowledge of any claimed delays caused by SEC and identity for each cause for delay.

7. Person with knowledge of requests for overtime from subcontractors and reasons for denial.

8. Person with knowledge of decision to extend the deadline for completion of the Marriott Westminster Project from November 2013 to April 2014, including the specific date the decision was made to extend the schedule.

9. Person with knowledge of which specific contractors or subcontractors who were responsible for proper preparation of the elevator hoistways prior to elevator installation.

10. Person with knowledge of problems/delays encountered by elevator installers and reason for such problems.

11. Person with knowledge of all "critical" work needing to be completed after November 1, 2013, and copies of schedules identifying which work was critical.

12. Person with knowledge of when elevators were released for construction use.

13. Person with knowledge why re-engineering of service elevator hoistway was performed by Ridge Erection from October 2013 – January 2014 and which subcontractors of Killian were responsible for preparation of that hoistway before elevator installation.

14. Person with knowledge of the actual claims process between Killian, White Etkin, and Steadfast Insurance.

15. Person with knowledge of the relationship between Killian and Hendershot Consulting, including scope of work of Hendershot and any reports rendered by Hendershot.

16. Person with knowledge of the persons with Killian Construction Company responsible for establishing and maintaining construction schedules on the Westminster Project.

17. Person with knowledge of all Killian employees who were terminated from the Westminster construction team who were employees of Killian Construction Company.

18. Person with knowledge of all work shown as "critical" on the various CPM schedules issued by Killian on the Westminster Project.

19. Person with knowledge of all delays caused by any entity or natural causes.

20. Person with knowledge of the settlement negotiations and settlement reached with White Etkin on the amount of the Subguard claim by White Etkin against Killian.

21. Person with knowledge of claims and litigation involving any and all subcontractors of Killian on the Westminster Project, including resolution of claims, the factual basis for such claims and the amount received in settlement or disposition of each such claim.

22. Person with knowledge who received all reports, opinions, or conclusions, including copies of all such documents generated by Hendershot Consulting on the Westminster Project.

23. Person with knowledge of the total number of Subguard Policy claims made by Killian on the subject Subguard Policy with Steadfast.